PETER HARMON *vs.* CHARLES A. FLOOD, et als.

Kennebec.   Opinion June 15, 1916.

*Action of replevin.   Defenses open in action on replevin bond.*
*Replevin Bond.   Title of goods replevied.*

1. Where the lessee of land used as a woodyard agreed to assign the lease and to sell the assignees about 200 cords of wood, part of which was then on the lot and the balance of which was to be delivered on the lot and to become the property of the assignee when paid for according to the certificates of a surveyor, and the assignee paid an amount on account of the wood then on the lot, and afterwards paid certain amounts on the surveyor's certificates, the title to the wood was in the assignee or buyer.

2. In an action to replevin wood alleged to be detained in W. county, where the writ was returnable at the superior court of K county and where the court granted the motion of the defendant therein to dismiss for want of jurisdiction, with judgment for the return of the wood, the judgment was conclusive only upon the question of such return, and did not determine the question of title.

3. Where, in an action of replevin of wood, defendants' motion to dismiss for want of jurisdiction was granted with judgment for the return of the wood, without determining title, and after the breach of the bond by failure to return, an action was brought thereon, the defendants, plaintiffs in the replevin action, might set up their ownership in defense or in mitigation of the damages.

Action of debt on replevin bond.   Defendants brought an action of replevin against the present plaintiff, and on the writ issued in said action took possession of ninety cords of wood in Thorndike, in the county of Waldo, claiming title thereto.   The writ was made returnable to the superior court in Kennebec county, accompanied by a sufficient bond.   On motion of attorneys for the then defendant in the replevin case, the writ was dismissed for want of jurisdiction and a return of the goods ordered.   The goods were never returned and this action was brought upon the bond.   In answer to the suit upon the bond, the now defendants, who were plaintiffs in the replevin suit, claimed the right to prove title in themselves, the original plaintiffs, in mitigation of damages.   Judgment for

plaintiff for the penal sum of the bond. Damages assessed at one dollar, for which execution is to issue.

Case stated in opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*Fred W. Clair, and Pattangall & Plumstead,* for defendants.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, HANSON, JJ.

HALEY, J. An action of debt upon a replevin bond, before this court upon report.

In August, 1913, Charles A. and Alpheus W. Flood, co-partners at Waterville under the firm name of G. A. Flood & Co., brought an action of replevin for ninety cords of wood against Peter Harmon, of Thorndike, alleging the wood to have been detained at Thorndike in the county of Waldo. The writ was returnable to the superior court of Kennebec county. The defendant in that action, plaintiff in this, objected to the jurisdiction of the court, as the goods were alleged to have been detained in Waldo county at the time the action was brought.

Section 9, chapter 98, R. S., provides: "Actions of replevin of goods shall be brought in the county where they are detained."

The motion of defendants to dismiss was granted, and judgment for the return of the goods and costs was awarded against the plaintiffs in replevin. The goods not being returned, Harmon brought this suit on the replevin bond given by the Floods as principals with sureties. In answer to this suit the defendants set up title to the wood ordered returned in the replevin suit, and claim a right to prove such title in mitigation of damages. The two issues, therefore, are, First: Were the defendants Floods (the plaintiffs in the replevin suit) the owners of the wood in question? Second: If they were the owners of the wood, can that ownership be set up in defence or mitigation of damages in this case?

First: In February, 1913, one George P. Blethen leased of L. G. Munroe a small tract of land in Thorndike, near Saywood bridge, that was used as a wood yard. Blethen commenced hauling wood on to the lot, and on February 15th made a trade with the defendants, Floods, (plaintiffs in the replevin suit) to assign the

lease to the Floods, and an agreement to sell them in the neighborhood of two hundred cords of wood, a small part of which was then on the lot, the balance to be delivered upon the lot with the understanding that the wood was to be the Floods when paid for, according to certificates of surveys to be mailed them, and it was agreed that L. A. Bradford should act as the surveyor. At the same time they paid Blethen $50 on account of the wood then on the lot. February 19th, Bradford, the surveyor agreed upon, furnished a certificate that there were around sixty cords of the wood on the lot, and on February 26th he returned a certificate that he had surveyed and found about ninety cords on the lot. On February 20th the Floods paid to Blethen $156 on account of the wood, and on February 28th, $100, and paid a bill for Mr. Blethen of $60. Afterwards the wood was attached on a writ against Blethen as Blethen's property, and the officer and attaching creditor were notified that it was the property of the Floods; execution was issued against Blethen in said suit and the wood was sold on the execution. Under these circumstances there can be no question but that the title to the ninety cords of wood was in the defendants, Floods. It was on land that they had the right to use by arrangement with Blethen, who had a lease of it; it was placed upon the lot as their wood, it was surveyed by a surveyor agreed upon by Blethen and the Floods, and paid for according to the survey. Blethen had no interest in it, all things necessary to pass the title had been done; the delivery at a place designated by the Floods, the buyers and Blethen, the seller; a survey by a surveyor agreed upon, and the payment of the contract price.

It is urged that the title did not pass because the survey was not accurate. The surveyor himself testified that he did not survey it accurately. It is very doubtful if cord wood in lots of this size is ever surveyed accurately; different surveyors would probably vary in their surveys to some small extent, and if there was no fraud,—and there is none claimed in this case—the survey by the surveyor agreed upon was binding upon the parties. The Floods and Blethen accepted it, and there is no evidence of any fraud, or of any substantial error in the survey, and attaching creditors cannot defeat the sale without evidence of fraud. There is none

claimed, and the title to the ninety cords of wood must be considered to have been in the defendants, Floods.

Second. Can the title to the wood be offered in mitigation of damages in the suit upon the replevin bond where the title was not adjudicated in the judgment entered in the replevin suit? We think it can.

It is claimed by the plaintiff that the defendants cannot raise the question of title, that the judgment for return in the replevin suit is conclusive in this suit, because the superior court of Kennebec county, to which the replevin suit was returnable, and which entered the judgment for return, and is a court of general jurisdiction concurrent with the supreme judicial court in actions of replevin, and, although, by statute and the decisions the action is local, the defendant may waive his right to object and the court proceed to try the case upon its merits. The reason given is sound, but does not apply to this case, because the defendant in that case (plaintiff in this case), did object and thereby deprived the superior court of jurisdiction to try the case. He did not waive his right to object, but did object, and the court sustained his objection, and sustained his motion, and entered judgment, without deciding the title to the goods replevied, and he must abide by that judgment. The title not having been passed upon in that suit, remained as it was when the goods were replevied. The judgment was merely that the plaintiff in replevin return to the defendant in replevin the goods replevied. In other words, the replevin bond which was attached to the writ provided that the plaintiff should return the goods if they were not found to be his goods or that he be entitled to possession. The court not having jurisdiction, it could not decide the title to the goods, and therefore it was the right of the defendant in replevin to be placed in statu quo.

It is urged that in *Bettinson* v. *Lowry,* 66 Maine, page 224, the court in discussing *Buck* v. *Collins,* 69 Maine, 445, the opinion in which was written by Judge Barrows, said: "The doctrine of Judge Barrows indicates that he would favor, in case of abatement or nonsuit, where the replevin bond is sued, allowing the parties to try their title to the property in mitigation of damages.

That is, where the plaintiff illegally took property on color of process that he was required to return and had covenanted so to do, he would excuse him in a reduction of damages if he could show title to the same. In other words, he would incorporate into suits upon a replevin bond the issues triable in the main case. Such doctrine has never been authorized in this state, and cannot be sustained upon principle." The above statement was not called for in a decision of the case; it was an action of replevin in which the writ was quashed at the return term. The presiding justice ordered a return of the property replevied, and left the question of damages to be determined on the bond; and in absence of pleading in the case, ruled as matter of law that the defendant was entitled to the order for return, without the production of testimony. And the sole question before the Law Court in that case was whether the defendant in that case was entitled to the order for return without the production of testimony, and the court held, "The property should be restored. Judgment for return went as a matter of course." A discussion of the rules of law governing suits upon replevin bonds was entirely irrelevant in determining whether there should be a return of goods ordered in the replevin suit, and the same opinion, upon the same page upon which is found the paragraph relied upon by the plaintiff, holds that judgments for return are conclusive in all cases upon replevin bonds; but a distinction is made between judgments on the merits where the title is passed upon and determined, and judgments of abatement of nonsuits. In the former they are conclusive as to title; in the latter, as they have not attempted to decide the title, they are conclusive only upon the question of return. The suits miscarry and the parties are simply put in statu quo. They are only put in position to enforce their rights anew. *Bettinson* v. *Lowry,* 86 Maine, 224, supra.

In *Davis* v. *Harding,* 3 Allen, 302, the same question was raised as in this case. It was a suit upon a replevin bond. The goods had been ordered returned. It was admitted that they had not been returned, and the defendant sought to prove that the defendant in replevin had no title to the goods; that title was in the plaintiff in replevin, and claimed that the evidence was admissible in reduction

of damages. In discussing the effect of the judgment for return the court said: "For some purposes, it is obvious that this order for return is conclusive upon the party, and he is to be injuriously affected by his omission to introduce the evidence in opposition to the motion for an order for return. It must have the effect to enable the plaintiff to maintain his action upon the bond, and to charge the defendant with costs. It reduces the question to one of mere damages. But does it exclude the defendant from showing in mitigation of damages that the action of replevin failed solely on account of being prematurely commenced, and that the property, if returned to the present plaintiff, could not have been held by him for his own benefit." It was held that the evidence was admissible for that purpose. In this case that there was a breach of the bond is admitted, because there was a judgment for a return; but no judgment determining the title to the property in question, and therefore the title remained as it was when the property was taken on the replevin writ. Why should not the defendant be allowed to prove title to the replevied goods in himself in mitigation of damages? If the title was in him at the time the goods were replevied, the defendant in that suit, (the plaintiff in this), has not done anything to change the title. Neither has the present defendant, (the plaintiff in the replevin suit), and if the title was not at the time the goods were replevied in the defendant in the replevin suit, (the plaintiff in this suit), why should the plaintiff in this suit be paid for the value of the goods replevied that he did not own? The judgment for the return of the goods replevied is conclusive upon the plaintiff in that suit, (the defendant in this), as to the right of possession; but if the goods had been returned, the present defendant could at once have replevied them or maintained trover against the present plaintiff for their conversion if he refused to redeliver them. For the breach of his bond, in not returning them of course he is liable; but in the suit upon the bond he is only liable for the damages that the plaintiff, (the defendant in replevin), suffered by reason of the breach of the bond, and if he had returned them it would have been the duty of the defendant in replevin to have immediately restored them to the lawful owner; but as they were not

returned according to the judgment, the plaintiff in this suit is entitled to whatever loss or damages he suffered thereby, and there can be no valid objection to permitting the defendant to show title in himself in mitigation of damages, it not being inconsistent with the judgment in the replevin suit, as held in *Jones* v. *Smith,* 79 Maine, 452, and the many authorities therein cited. As the defendant was the legal owner of the goods replevied, he was entitled to the possession thereof, but as his replevin suit failed for an irregularity in the writ, no judgment affecting the title was entered, and, as he did not return the goods replevied and place this plaintiff in statu quo, there was a breach of the bond; but it was admissible for him to show in mitigation of damages that he was the lawful owner of the goods replevied.

Judgment must therefore be for the plaintiff for the amount of the penalty named in the bond, but execution is to issue for only $1 as nominal damages.

> *Judgment for plaintiff for the penal sum of the bond. Damages assessed at $1, for which execution is to issue.*